UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHRISTIE FORD[1],

                Plaintiff,

**Hon. Hugh B. Scott**

18CV1200V

v.

**Order**

VALUE CITY FURNITURE,

                Defendant.

Before the Court is defendant American Signature, Inc.'s motion to compel discovery (Docket No. 24). Responses to this motion were due by November 26, 2019, and reply by December 3, 2019 (Docket No. 25). The deadlines of the Amended Scheduling Order (Docket No. 23) were held in abeyance and will be reset in this Order (Docket No. 25). Plaintiff responded with her attorney's declaration (Docket No. 26) and defendant replied with its attorney's declaration and exhibits (Docket No. 27). The motion was deemed submitted without oral argument on December 3, 2019.

## BACKGROUND

This is a removed employment discrimination action under Title VII, 42 U.S.C. §§ 2000e, et seq., the Americans With Disabilities Act, 42 U.S.C. §§ 12101, et seq., and New

---

[1] The parties spell plaintiff's first name "Cristie," without an "h," Docket Nos. 24, 26, despite that spelling in the Notice of Removal, Docket No. 3, and the Answer, Docket No. 5. The removed State Complaint, Docket No. 3, Ex. A, spells her first name "Cristie."
    The Court Clerk is instructed to amend the caption of this case to correct the spelling of plaintiff's first name to "Cristie."

York State Human Rights Law, N.Y. Exec. Law §§ 296, et seq. (Docket No. 3, Notice of Removal, Ex. A, State Compl.). Plaintiff alleges hostile work environment, disability discrimination, and negligent supervision.

Defendant removed this state case (Docket No. 3) and answered (Docket No. 5). This case was referred by Judge Lawrence Vilardo on December 4, 2018 (Docket No. 12). This Court then entered (Docket No. 17) and amended a Scheduling Order (Docket No. 23).

*Defendant's Motion to Compel (Docket No. 24)*

On November 26, 2019, defendant moves to compel production of documents and answers to its Interrogatories (Docket No. 24). Defendant claims that plaintiff did not respond to its document Requests Numbers 3-5, 11-13, and 15 and provided insufficient responses to Request Numbers 9, 19-23 (id., Def. Memo. at 5; see id., Def. Atty. Decl. Exs. A (defense discovery demands), C (plaintiff's responses)). Given the repeated non-responsiveness of plaintiff since the April 23, 2019, requests (Docket No. 24, Def. Memo. at 2-4, 5), defendant also seeks to recover its attorneys' fees and costs for this motion (id. at 5).

Plaintiff responds that, due to circumstances beyond her control (including moving to provide required care for her child in Tennessee and plaintiff's lack of funds), her responses to discovery demands were delayed (Docket No. 27, Pl. Atty. Decl. ¶ 7). Plaintiff's counsel mailed her initial response to defendant's demands on July 11, 2019, and supplemental responses on September 25, 2019 (id. ¶¶ 8, 10). Plaintiff does not deny defense entitlement to the materials sought and she has been diligent in searching her records for responsive materials, but her move to Tennessee most of plaintiff's communication with her counsel has been by mail or email (id. ¶

11). Counsel concludes that "we have been unable to send anyone from our office to her home to help her look through her records," (id.).

Defendant replies that plaintiff's response is an admission that her discovery is incomplete and requires supplementation and that supplementation has not occurred to date (Docket No. 27, Def. Atty. Reply Decl. ¶ 4). Plaintiff's deposition was scheduled for December 2, 2019, and plaintiff's counsel indicated that the sought materials that would be produced at that examination (id. ¶ 5, Ex. A). The deposition occurred as scheduled, plaintiff stated that she provided her tax returns to her counsel but they have not been produced to defendant (id. ¶ 6). Plaintiff's counsel instructed plaintiff not to answer questions about her damage calculation (id. ¶ 7). At the end of the deposition, plaintiff's counsel promised to produce responsive documents on the afternoon of December 2, but did not do so (id. ¶ 8). Defense counsel called plaintiff's counsel the next day to see when these documents would be produced, but there was no answer to these calls (id. ¶ 9). Defendant thus requests responses to its pending Requests Numbers 12, 13, and 15, on or before a date certain and an extension of the discovery deadline by at least 45 days (id. ¶ 11), as well as renewing its motion for recovery of its attorneys' fees for this motion (id.).

## DISCUSSION

I. Applicable Standards

Discovery under the Federal Rules is intended to reveal relevant documents and testimony, but this process is supposed to occur with a minimum of judicial intervention. See 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 655-65 (Civil 2d ed. 1994). "Unless otherwise limited by court order, the scope of

3

discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Federal Rule 26(b)(2)(i) allows this Court to limit the scope and means for discovery if "the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive." Federal Rule of Civil Procedure 37(a) allows a party to apply to the Court for an Order compelling discovery, with that motion including a certification that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without court intervention. Fed. R. Civ. P. 37(a)(2)(A).

II.     Motion to Compel

As defendant notes (Docket No. 27, Def. Atty. Reply Decl. ¶ 4), plaintiff admits that she needs to supplement her responses and offered to do so (even by December 2, 2019) but has yet to do so. Her only excuse is that she lacks the funds to prosecute this action by long distance since her relocation to Tennessee. Defendant specifically seeks particular items be produced by a date certain; that motion is **GRANTED**. Plaintiff shall respond to all outstanding document production (in particular documents responsive to Requests Numbers 12, damage calculations; 13, evidence of fringe benefits; and 15, evidence of income from January 2014, including tax

returns) and Interrogatories by **January 24, 2020**; this date should give sufficient time for plaintiff to gather, send to counsel, and produce to defendant responsive materials (if they exist).

In the original motion, defendant complained that plaintiff provided an Excel spreadsheet of compiled text messages with plaintiff's former coworkers without indicating which request these entries are responsive to (Docket No. 24, Def. Atty Decl. ¶¶ 11-12, Ex. E). In its reply, defendant reports plaintiff was deposed but does not indicate that this spreadsheet compilation remains at issue. If it remains in dispute, plaintiff shall **produce a document or an amended spreadsheet identifying how entries are responsive to defendant's demands**.

If plaintiff cannot satisfy this production due to her relocation and poverty, further sanction exists under Rule 37(b) as well as a possible finding for dismissal of the action for failure to prosecute under Rule 41(b).

III.    Attorney's Fees for this Motion

With the grant of defendant's motion to compel, under Rule 37(a)(5)(A), defendant is entitled to recover its reasonable attorney's fees arising from filing this motion. Defendant shall submit its claimed motion expenses by **December 30, 2019**; plaintiff shall respond (including raise any defense against imposing these costs) by **January 10, 2020**. This Court will then consider defendant's fee application submitted (without oral argument, unless scheduled by this Court).

IV.    Amended Scheduling Order

With the resolution of the motion to compel, the discovery and other deadlines need to be reset (cf. Docket No. 23). Thus,

SECOND AMENDED SCHEDULING ORDER

- Discovery concludes by **February 10, 2020**, or roughly **60 days from entry of this Order**;

- Motions due by **May 8, 2020**, or 90 additional days from the discovery deadline;

- Mediation also to end by **May 8, 2020**.

CONCLUSION

For the reasons stated above, defendant's motion (Docket No. 24) to compel is **granted**. Plaintiff has until **January 24, 2020**, to supplement its discovery responses as stated above. Defendant shall submit its application for recovery of its reasonable attorneys' fees and costs relative to this motion by **December 30, 2019**; plaintiff shall respond (including raise any defense against imposing these costs) by **January 10, 2020**, and this Court will then consider defendant's fee application submitted (without oral argument, unless scheduled by this Court).

The Amended Scheduling Order (Docket No. 23) is amended as stated above.

Court Clerk shall amend the caption to have plaintiff's name read "Cristie Ford."

So Ordered.

*/s/ Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
      December 11, 2019