UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CRISTIE FORD,

          Plaintiff,

          v.

AMERICAN SIGNATURE, INC.,

          Defendant.

**Hon. Hugh B. Scott**

18CV1200V

**Order**

Before the Court is defendant's motion to recover its reasonable attorney's fees (Docket No. 31) upon prevailing on its motion (Docket No. 24) to compel discovery (see Docket No. 28 (Order)). Defendant claims a total of $10,921.80 for the work of four attorneys who appeared in this case and worked on the motion to compel and this fee application. Responses to the present motion were due by January 11, 2020 (Docket No. 32); plaintiff submitted her attorney's declaration with exhibits (Docket No. 32). Upon review of plaintiff's response (id.), this Court ordered defendant to reply by January 22, 2020, and the motion was deemed submitted without oral argument on that date (Docket No. 33). Defendant replied (Docket No. 34). Familiarity with the Order (Docket No. 28) granting the motion to compel is presumed.

Also pending is plaintiff's motion for extension of the January 24, 2020, deadline (cf. Docket No. 28, Order at 4-5, 6). Given its relationship with defendant's fee application, both motions will be addressed in this Order.

BACKGROUND

This is a removed employment discrimination action wherein plaintiff alleges a hostile work environment, disability discrimination, and negligent supervision (Docket No. 3, Notice of Removal, Ex. A, State Compl.). Defendant removed this action (id.) and answered (Docket No. 5).

On November 26, 2019, defendant moved to compel production of documents and answers to its Interrogatories (Docket No. 24). Given the repeated non-responsiveness of plaintiff since the April 23, 2019, requests (Docket No. 24, Def. Memo. at 2-4, 5), defendant also sought to recover its attorneys' fees and costs for this motion (id. at 5).

Plaintiff responded that, due to circumstances beyond her control (including moving to provide required care for her child in Tennessee and plaintiff's lack of funds), her responses to discovery demands were delayed (Docket No. 27, Pl. Atty. Decl. ¶ 7). Plaintiff's counsel mailed her initial response to defendant's demands on July 11, 2019, and supplemental responses on September 25, 2019 (id. ¶¶ 8, 10). Plaintiff's move to Tennessee resulted in her communicating with her counsel by mail or email (id. ¶ 11). Plaintiff's counsel concluded that "we have been unable to send anyone from our office to her home to help her look through her records" (id.).

Defendant replied that plaintiff's response was an admission that her discovery was incomplete and required supplementation and that supplementation has not occurred as of December 3, 2019 (Docket No. 27, Def. Atty. Reply Decl. ¶ 4). Plaintiff's deposition was scheduled for December 2, 2019, and plaintiff's counsel indicated that the sought materials that would be produced at that examination (id. ¶ 5, Ex. A). The deposition occurred as scheduled; plaintiff stated that she provided her tax returns to her counsel, but they have not been produced

to defendant (id. ¶ 6). At the end of the deposition, plaintiff's counsel promised to produce responsive documents on the afternoon of December 2, 2019, but had not done so as of the December 3 reply (id. ¶ 8). Defense counsel called plaintiff's counsel the next day to see when these documents would be produced, but there was no answer to these calls (id. ¶ 9). Defendant thus requested responses to its pending Requests Numbers 12, 13, and 15, by a date certain (id. ¶ 11), as well as renewing its motion for recovery of its attorneys' fees for this motion (id.).

On December 11, 2019, this Court granted defendant's motion, ordering plaintiff to produce all outstanding document production and answer Interrogatories by January 24, 2020, as well as provide a responsive spreadsheet identifying how produced materials responded to defendant's demands (Docket No. 28, Order of Dec. 11, 2019, at 4-5, 6). This Court also noted that "if plaintiff cannot satisfy this production due to her relocation and poverty, further sanction exists under Rule 37(b) as well as a possible finding for dismissal of the action for failure to prosecute under Rule 41(b)" (id. at 5). Under Rule 37(a)(5)(A), this Court also scheduled defendant's application to recover its reasonable motion expenses (attorneys' fees and costs) by December 30, 2019, with plaintiff's response (including any defenses against imposing these fees) by January 10, 2020 (id.). Finally, this Court amended the Scheduling Order (id. at 5-6; cf. Docket No. 23).

*Defense Attorneys' Fee Application (Docket No. 31)*

Defendant's four attorneys, in firms in two cities, moved to recover a total of $10,921.80 in attorneys' fees for the motion and this fee application (Docket No. 31). Defendant also notes that (as of its December 30, 2019, filing of the application motion) plaintiff still had not supplemented her discovery responses (Docket No. 31, Def. Atty. Decl. ¶ 6). Citing the fee rates

3

agreed to by defendant (id. ¶ 9), the two Houston, Texas, attorneys charged the client $260-388 per hour, while the two Buffalo, New York, counsel charged $245-425 per hour, with all rates based upon the relative experience of the attorneys (id.). Defendant produced a recent survey from The National Law Journal of attorneys' rates (id. ¶ 10, Ex. A). Looking at the three firms in the Western District of New York cited in that survey, the rates charged by partners in those firms was $275-300 per hour, and associates $175-350 per hour (id., Ex. A).

Akilah Craig, practicing for seven years in Houston, charged $325 per hour for her 22.6 hours of work (in reviewing plaintiff's disclosure, preparing the motion to compel, and the motion to recover reasonable motion expenses) for a total claim of $5,876.00; Jacklyn Ford, practicing for 28 years in Houston, charged $485 for her 7.6 hours of work, for a total claim of $2,948.80; Chloe Macdonald, practicing for two years in Buffalo, charged $245 per hour of work for a total claim of $269.50; and Amy Hemenway, practicing for 17 years in Buffalo, charged $425 per hour of work for a total claim of $1,827.50 (id. ¶¶ 9, 13, 15; see id. ¶ 14). Defendant also argues that plaintiff was not substantially justified in not responding to their discovery demands (Docket No. 31, Def. Memo. at 1-2).

Plaintiff responds that, on December 2, 2019, she appeared at her deposition with additional documents which were emailed to defense counsel (Docket No. 32, Pl. Atty. Decl. ¶ 13, Ex. A). On the next day, plaintiff's counsel found plaintiff's tax returns for tax years 2014, 2015, 2017, and 2018, which were emailed to defendant as pdf files (id. ¶ 14, Ex. B). Plaintiff assumed that defense counsel did not see the December 2 email prior to filing defendant's reply to its motion to compel (id. ¶ 15). It was unclear to plaintiff's counsel why defense counsel would continue to maintain that supplementation had not occurred (id.). Plaintiff stressed that

4

she had a cordial and constructive communication with defense counsel (id. ¶¶ 17, 21-22). She also emphasized her personal situation during the course of this litigation (the need to relocate to Tennessee to care for her ailing daughter, plaintiff's lack of income to travel, and being "emotionally compromised") that these circumstances beyond her control limited her ability to respond promptly to defendant's discovery (id. ¶¶ 7-8, 21). She disclaimed any prejudice to defendant and, if any prejudice would be against her in delaying her trial date (id. ¶ 22).

Plaintiff then asks that this Court either not award fees at all or reduce them due to duplication in defense counsel's efforts (id. ¶¶ 4, 23). On duplication, plaintiff argues that 18.9 hours spent by four attorneys is "extremely excessive" (id. ¶ 23) while 16.2 hours expended by two attorneys in drafting the five-page declaration in support of this motion for attorney's fees also is "extremely excessive" (id. ¶ 24). Plaintiff has not objected to the rates charged by these attorneys and does not argue what would be the reasonable amounts of time to move to compel and to recover fees.

Following review of plaintiff's response, defendant was given until January 22, 2020, to respond (Docket No. 33). Defendant replies that plaintiff did not produce the sought documents on December 3, 2019, as she claimed (Docket No. 34, Def. Atty. Reply Decl. ¶¶ 3, 5-6 (denying receiving email by any of the four defense attorneys on this case). Defendant argues that its fees were incurred prior to plaintiff's purported production (id. ¶ 4). On plaintiff's unexplained charge of duplication of effort, defendant replies that its fee application shows that each of the four attorneys' billed time was neither duplicative nor excessive (id. ¶¶ 7-8). Akilah Craig, who charges the second lowest fee rate, did most of the work on the motion to compel, overseen by

5

partner Jacklyn Ford, while local counsel performed the services of filing the motion and fee application (id. ¶ 8).

Defendant did not address whether plaintiff or her attorney or both should be responsible for defendant's fees or whether plaintiff should be excused from paying these fees due to other circumstances.

Plaintiff's counsel filed a reply Declaration (Docket No. 36) noting the encryption of the December 3, 2019, email and identifying the recipients (id., ¶¶ 4-6, Ex. A). This was apparently counter to defendant's argument that their counsel never received the email (cf. Docket No. 34, Def. Atty. Reply Decl. ¶ 5).

*Plaintiff's Motion for Extension of Time to Supplement (Docket No. 35)*

Plaintiff also moved to extend her time to supplement discovery (Docket No. 35). After claiming that plaintiff's counsel turned over all documents in their possession, plaintiff states that she is attempting to obtain her daughter's (voluminous) medical records (id., Pl. Atty. Decl. ¶¶ 4, 5-6; cf. Docket No. 24, Ex. A, Def. Request for Production, Request No. 11). Plaintiff believes that she will get these medical records by the middle of next week (Docket No. 35, Pl. Atty. Decl. ¶ 7), or by February 5, 2020. She thus seeks an extension to provide supplemental discovery (presumably these medical records) and a further delay would not prejudice defendant (id. ¶¶ 8, 9). Plaintiff, however, does not state a specific request for a deadline for this production.

## DISCUSSION

I. Standards

"Monetary sanction under Rule 37(a)(5) serve a dual purpose. In part, they are

6

intended to deter discovery abuses. At the same time, they are designed to compensate the prevailing for expense it would not have incurred had the sanctioned party conducted itself properly," SJ Berwin & Co. v. Evergreen Entm't Grp., Inc., No. 92 Civ. 6209 (WK), 1994 WL 501753, at *2 (S.D.N.Y. Sept. 14, 1994) (Francis, Mag. J.); SEC v. Yorkville Advisors, LLC, No. 12 Civ. 7728, 2015 U.S. Dist. LEXIS 24578, at *23 (S.D.N.Y. Feb. 27, 2015) (Pitman, Mag. J.). Under Rule 37, the movant is entitled to recoup its reasonable costs and attorneys' fees. "If the court determines to award expenses and fees, it is for the court to decide what amount is proper." 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, text at n.32 (Civil 3d ed. 2019); see also Addington v. Mid-American Lines, 77 F.R.D. 750, 751 (W.D. Mo. 1978) (three hours at $50 per hour held excessive where opponent merely failed to make a timely response to interrogatories, reducing time to one hour). The rate or amount an attorney bills his or her client related to discovery or a motion to compel does not make that rate or time expended under Rule 37 a reasonable motion expenses. See Kahn v. General Motors Corp., No. 88 Civ. 2982, 1993 U.S. Dist. LEXIS 5196, at *4 (S.D.N.Y. Apr. 19, 1993).

Using the lodestar method for calculating the reasonable attorney's fee, Cruz v. Local No. 3 Int'l Bhd. of Elec. Workers, 34 F.3d 1148, 1159 (2d Cir. 1994); Monahan v. SZS 33 Assocs., L.P., 154 F.R.D. 78, 83 (S.D.N.Y. 1994) (applying lodestar method to determining attorney's fee for Rule 37(a)(4)(A) relief); see Hensley v. Eckerhart, 461 U.S. 424, 429-30, 430 n.3 (1983) (applying for fees under 42 U.S.C. § 1988) (see Docket No. 31, Def. Memo. at 2), the components for determining the reasonable attorneys' fee portion of these motion

expenses are the moving attorney's time spent on the motion, and the reasonable billing rate for that attorney. The burden of establishing the reasonableness of the hours is on the party seeking to recover the fees, Cruz, supra, 34 F.3d at 1160; Prot. One Alarm, supra, 553 F.2d at 210.

Thus, two factors are considered, the time expended and the rate charged. As for the rate, what is deemed reasonable is the legal fees charged in the community in which the action is pending and the skills and experience of the attorneys claiming the fees, Luciano v. Olsten Corp., 109 F.3d 111, 115-16 (2d Cir. 1997); Prot. One Alarm Monitoring, Inc. v. Executive Prot. One Sec. Serv., 553 F. Supp. 2d 201, 209 (E.D.N.Y.) (Levy, Mag. J.) (Report & Rec.), adopted, 553 F. Supp. 2d 201 (E.D.N.Y. 2008).

The only basis to avoid the mandatory award of costs is if either the objections were substantially justified or if other circumstances would make the award of these costs unjust, Fed. R. Civ. P. 37(a)(4)(A); see Coleman v. Dydula, 175 F.R.D. 177, 180 (W.D.N.Y. 1997) (Heckman, Mag. J.) (Docket No. 31, Def. Memo. at 1-2). Substantially justified means that there was a genuine dispute over a legal issue regarding production, id., citing Pierce v. Underwood, 487 U.S. 5523, 565 (1988). This Court has found that imposition of costs would be unjust where a party attempted to locate responsive documents but could not find them, see Buffalo Carpenters Pension Fund v. CKG Ceiling & Partition, 192 F.R.D. 95, 99 (W.D.N.Y. Mar. 25, 2000) (Curtin, J.). In another case, this Court has examined whether a party's circumstances (as opposed to the party's attorney) made imposition of discovery sanctions unjust, see Hall v. In-Room Plus, No. 05CV408, 2006 U.S. Dist. LEXIS 23422, at *11-12 (W.D.N.Y. Apr. 26, 2006) (Scott, Mag. J.), further proceedings, 2006 U.S. Dist. LEXIS 35634, at *9 (W.D.N.Y. May 30,

8

2006) (Scott, Mag. J.) (imposing costs on plaintiff's counsel, finding plaintiff still had not articulated other circumstances that would make imposition unjust). In a case where a plaintiff was representing himself as an in forma pauperis litigant, this Court found that imposition of defense motion costs would be unjust, see Nelson v. Gleason, No. 14CV870, 2017 U.S. Dist. LEXIS 108882, at *18, 3-4 (W.D.N.Y. July 13, 2017) (Scott, Mag. J.); see also Ventura v. Sinha, No. 01CV434, 2005 U.S. Dist. LEXIS 49726, at *9-10 (W.D.N.Y. July 27, 2005) (Scott, Mag. J.) (holding that imposition of costs would be unjust to in forma pauperis inmate litigant).

II. Application

    A. Substantial Justification to Not Award Costs

This Court addresses whether imposition of attorneys' fees is appropriate here, first by determining whether plaintiff was substantially justified in not producing the documents and Interrogatory answers sought and, next, whether the circumstances make an award of attorneys' fees unjust. Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii). Defendant argues that there is no substantial justification for plaintiff's failure to produce responses to its discovery demands (Docket No. 31, Def. Memo. at 1-2). This Court will not make a finding as to the completeness of plaintiff's production to this date, noting that plaintiff originally had until January 24, 2020, to complete production pursuant to this Court's December 11, 2019, Order (Docket No. 28, at 4-5, 6). Defendant has argued, however, that even the claimed production by plaintiff has yet to occur (Docket No. 34, Def. Atty. Reply Decl. ¶¶ 3, 5-6).

Plaintiff's delay in production **was not substantially justified** because plaintiff does not raise legal objections to the defense demands or justified the delays on legal grounds. Plaintiff, in fact, did not object to the production (Docket No. 32, Pl. Atty. Decl. ¶¶ 9, 17) and produced

9

(id. ¶¶ 10-11, 13-16, 18, 20-22) or minimally claimed she produced the documents (but cf. Docket No. 34, Def. Atty. Reply Decl. ¶¶ 3, 5-6). Plaintiff further argued that she was diligent in producing despite her circumstances (see Docket No. 32, Pl. Atty. Decl. ¶ 19); she now seeks additional time to complete this supplementation (Docket No. 35).

The other basis for declining to impose discovery fees is when other circumstances make imposition unjust, Fed. R. Civ. P. 37(a)(5)(A)(iii). Before determining whether these circumstances make imposition of costs unjust, this Court will determine a reasonable fee and which party is responsible.

      B.      Reasonable Fees

            1.      Attorneys' Rates

The applicable rates are those within the Western District of New York and not what Houston counsel could recover from their clients, a national survey of reasonableness of rates notwithstanding, see, e.g., Ampion Corp. v. AXXA Tech., Inc., No. 18CV660, 2019 U.S. Dist. LEXIS 205408, at *10-12 (W.D.N.Y. Nov. 26, 2019) (Scott, Mag. J.) (citing cases discussing accepted rates in the Western District of New York rather than attorneys' fee rates nationally). Defendant has not rebutted the presumption that local rates in this District would apply, cf. MPC Franchise, LLC v. Tarntino, No. 11CV6310, 2015 U.S. Dist. LEXIS 13232, at *21-22 (W.D.N.Y. Feb. 4, 2015) (Siragusa, J.), and the issues here—production of documents and answers to Interrogatories—are not so specialized as to warrant looking at national fee rates for out of District attorneys to pursue. Plaintiff has not objected to the rates, however, including those for Houston counsel. For simplicity, **this Court will apply the Houston and Buffalo rates rather than apply only the Buffalo rates for legal services**.

2. Hours Expended

Plaintiff's chief argument is that there was duplication of effort in drafting the motion to compel and the fee application that warranted reductions (Docket No 32, Pl. Atty. Decl. ¶¶ 4, 23-24). While stating the total hours expended for the moving papers for both motions was "extremely excessive" (id. ¶¶ 23, 24), plaintiff does not argue how much time should have been expended for these documents (see also Docket No. 34, Def. Atty. Reply Decl. ¶ 7 ("without explanation" contention)). Plaintiff has not identified any contention defendant lost that should not be compensated in Rule 37 fees, cf. Black v. Buffalo Meat Serv., No. 15CV49, 2017 U.S. Dist. LEXIS 122618, at *15 (W.D.N.Y. Aug. 3, 2017) (Scott, Mag. J.). She also did not submit the time expended by her attorney responding to these motions as a contrast as to the reasonableness of the time claimed by defendant, cf. MPC Franchise, supra, 2015 U.S. Dist. LEXIS 13232, at *12. Reviewing defendant's Exhibit B (Docket No. 31, Def. Atty. Decl., Ex. B), there are indications of duplication (such as all parties in a conference claiming time for that conference). That review does not show duplication over the substantive parts of the motion to compel or this motion for fees. Defendant explains in its reply the division of labor among the four attorneys with Akilah Craig performing the lion share of the substantive work on the two motions, supervised by Jacklyn Ford, while the local counsel Amy Hemenway and Chloe Macdonald filed motions (Docket No. 34, Def. Atty. Reply Decl. ¶ 8; see also Docket No. 31, Def. Atty. Decl. ¶¶ 12-14 Ex. B). One might inquire about the hour expended by Ms. Macdonald in reviewing and revising the reply papers for the motion to compel with Ms. Hemenway (Docket No. 31, Def. Atty. Decl. Ex. B, Dec. 2, 2019, entries) but plaintiff has not stressed this as an example of duplication and Ms. Macdonald charges the lowest rate among the four

attorneys in this application (id., ¶¶ 9, 13). Absent guidance as to which duplication was inappropriate, this Court **accepts as reasonable the hours claimed expended by all four attorneys without reduction**.

        3.      Who Is the Responsible Party, Plaintiff or her Counsel or Both, for the Fees?

Neither party states whether plaintiff or her attorney or both should be liable for these fees. Under Rule 37(a)(5)(A), the person responsible for the attorneys' fee depends upon the culpability of either the client or counsel or both in leading to the motion to compel. Plaintiff's attorney disclaimed any responsibility for the delays in plaintiff's production, stating plaintiff could not afford to have her attorneys travel to Tennessee to review or produce documents (see Docket No. 27, Pl. Atty. Decl. ¶ 11), while later noting efforts by plaintiff's counsel in cooperating with defense counsel (Docket No. 32, Pl. Atty. Decl. ¶¶ 17, 21-22).

The decision as to when (or even whether) to produce documents and answer Interrogatories was from plaintiff only. Thus, **plaintiff alone** should bear any costs for defendant's motion to compel. Her circumstances (her daughter's illness, plaintiff's relocation, and plaintiff's indigence), however, may have compelled her delay in answering or producing. Defendant has not shown any willfulness on plaintiff's part in delaying production. This Court's December 11th Order (see Docket No. 28, at 5) warned that further failure of plaintiff to comply with discovery demands or the Order to compel may lead to dismissal of her action under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

If imposed, plaintiff would owe $10,921.80 for defendant's attorneys' fees. The final issue returns to the question whether imposition would be just or unjust under Rule 37(a)(5)(iii).

4. Do Circumstances Warrant Imposition of Costs?

Defendant has not addressed whether plaintiff's circumstances would make imposition of its fees upon her unjust. Plaintiff has moved out of this District to care for her daughter and claims to lack the funds necessary to respond to defense demands as promptly as defendant desired (e.g., Docket No. 32, Pl. Atty. Decl. ¶¶ 7-8), plaintiff became distraught on the mention of this case, hindering production (id. ¶¶ 7, 8, 19), hence defendant's motion to compel. When plaintiff returned on December 2, 2019, to Buffalo for her deposition, she also produced what counsel termed "a suitcase of disorganized papers" that counsel reviewed (id. ¶ 12), including finding tax returns that were not produced (id. ¶ 14, Ex. B). The failure to produce is due to the combination of plaintiff's relocation outside of the District and her lack of funds to send papers or herself back to Buffalo to respond to defense demands.

In cases where this Court has granted leave for plaintiffs (often inmates representing themselves) to proceed in forma pauperis, this Court also recognized that imposing discovery sanctions costs would be unjust, Nelson, supra, 2017 U.S. Dist. LEXIS 108882, at *18; Cole v. Fischer, No. 08CV512, 2009 U.S. Dist. LEXIS 85683, at *13 n.4 (W.D.N.Y. Sept. 18, 2009) (Scott, Mag. J.); Ventura, supra, 2005 U.S. Dist. LEXIS 49726, at *9-10, on the practical consideration that these litigants lack funds to pay costs and fees upon their application for in forma pauperis status. Here, however, plaintiff has not moved for in forma pauperis status (either upon filing of the Complaint or since) and plaintiff is represented by counsel. Plaintiff is not incarcerated as other litigants this Court has found that imposition of costs would have been unjust. Plaintiff also has not stated that paying defense charges would be impossible; that is implied by how she handled discovery, but she did appear (presumably at her own expenses) for

13

her deposition in Buffalo in December 2019. Plaintiff has not specified what her assets and resources are to claim her inability to pay. In fact, her argument has been that she has produced

Attorneys' fees totaling almost $11,000 is a significant expense for merely delaying production where plaintiff's indigence and relocation are the reasons for the delay. But plaintiff has not established, or expressly sought, treatment as a poor person or sought excuse from imposition of sanction. Plaintiff had options to providing the documents defendant requested; she could have mailed copies of the documents to her attorneys to organize and produce to defendant; she could have traveled back to Buffalo well before the December deposition with the materials. In this electronic age, with a scanner/printer plaintiff could have scanned the documents and emailed them to counsel. On the other hand, plaintiff could have moved for a protective Order or for in forma pauperis status to excuse the delay in her production or to seek extension of time to respond. Plaintiff did not do that. Instead, plaintiff waited until her scheduled deposition to bring the documents back to the District while her counsel produced what documents they had.

Therefore, imposition of defense attorney fees upon plaintiff would be just despite her circumstances; for this reason, defendant's motion is **granted**.

C. Production and Plaintiff's Motion to Extend Time (Docket No. 35)

This Court originally ordered plaintiff to produce the sought discovery by January 24, 2020 (Docket No. 28, Order at 4-5, 6). From arguments in this fee application, it appears defendant has not received the production plaintiff claims it provided on December 3, 2019 (compare Docket No. 34, Def. Atty. Reply Dec. ¶¶ 3, 5-6 with Docket No. 32, Pl. Atty. Decl.

¶ 14, Ex. B and Docket No. 36, Pl. Atty. Reply Decl.).  Plaintiff now has moved for an extension of time to supplement, but for an unspecified amount of time (Docket No. 35).

If plaintiff has not already done so given defendant's present contention, plaintiff **shall include the documents she claimed to have produced on December 3, 2019, with the production due on February 14, 2020**, the extended date factoring in the process of reaching this decision and acknowledging the time plaintiff believes she can obtain medical records.

Finally, parties are aware of the further consequences under Federal Rule 37(b)(2) for failure to comply with an Order to produce.

## CONCLUSION

For the reasons stated above, defendant's motion (Docket No. 31) to recover its reasonable attorney's fees is **granted in full**; plaintiff shall pay **$10,921.80** in defendant's reasonable attorneys' fees for its motion to compel.

Plaintiff's motion (Docket No. 35) for extension of time to supplement her discovery is granted; plaintiff is to produce the outstanding discovery by **February 14, 2020**.

So Ordered.

                                                  /s/ Hugh B. Scott
                                                    Hon. Hugh B. Scott
                                      United States Magistrate Judge

Dated: Buffalo, New York
       January 28, 2020