UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CRISTIE FORD,

    Plaintiff,

v.                                            18-CV-1200-JLS-MJP

AMERICAN SIGNATURE, INC.,

    Defendant.
_____

## DECISION AND ORDER

Plaintiff Cristie Ford brings this action against her former employer, Defendant American Signature, Inc., raising a series of claims under state and federal employment law. Ford's complaint, which was initially filed in New York State Supreme Court, Erie County, was removed to this Court via notice of removal filed October 30, 2018. Dkt. 3.

On October 4, 2018, Judge Vilardo[1] referred this case to United States Magistrate Judge Scott[2] for all pre-trial proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Dkt. 12. Pursuant to the referral order, Judge Scott was to hear and report upon dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). *Id.*

Defendant's motion for summary judgment, filed May 8, 2020, was referred to Magistrate Judge Feldman for consideration. Dkt. 43. Presently before the Court

---

[1] On February 18, 2020, the Court reassigned this case to the undersigned. Dkt. 38.
[2] On March 9, 2021, the Court reassigned the case referral to Magistrate Judge Pedersen. Dkt. 47.

is Judge Feldman's Report and Recommendation ("R&R") addressing Defendant's motion. Dkt. 44.

For the reasons discussed below, the Court accepts and adopts Judge Feldman's recommendations and grants Defendant's motion for summary judgment.

## BACKGROUND

The Court assumes the parties' familiarity with the details of this case, outlined in Judge Feldman's R&R, and will provide only a brief summary of the relevant background.

In July 2008, Plaintiff was hired by Defendant as a "Home Furnishings Consultant" at Value City Furniture in Greece, New York. Dkt. 39-1, at ¶ 8. Following a series of store transfers, Plaintiff worked from the Cheektowaga, New York location from April 2016 until her termination in October 2017. *Id.* During Plaintiff's employment at the Cheektowaga store, Defendant maintained an Attendance and Punctuality Policy. *Id.* at ¶ 12. The Attendance and Punctuality Policy indicated that excessive absenteeism was grounds for disciplinary action, up to and including termination. *Id.*

On October 11, 2017, after a string of unapproved absences from work, Defendant terminated Plaintiff's employment for unauthorized absenteeism. Dkt. 39-5, at ¶¶ 8-10. Plaintiff filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"), Dkt. 39-6, which were ultimately

dismissed. Dkt. 39-7. On September 10, 2018, the EEOC issued a Notice of Right to Sue, and this action followed.

On October 5, 2018, Plaintiff filed her complaint in New York State court, alleging four causes of action against her former employer: (1) hostile work environment; (2) disability discrimination; (3) retaliation; and (4) negligent training, hiring, and supervision. Dkt. 3-1, at 13-24. Although Plaintiff's complaint does not specifically allege a separate cause of action for age discrimination, this unpled claim was ultimately addressed in both the summary judgment briefing and Judge Feldman's R&R. *See, e.g.,* Dkt. 39-9, at 5-6; Dkt. 44, at 10-16.

On May 8, 2020, Defendant moved for summary judgment, seeking dismissal of Plaintiff's claims in their entirety. Dkt. 39-9. Plaintiff opposed Defendant's motion, Dkt. 41, and Defendant replied, Dkt. 42.

On February 19, 2021, Judge Feldman issued an R&R recommending that this Court grant Defendant's motion for summary judgment and dismiss Plaintiff's complaint. Dkt. 44, at 19. The R&R notes that Plaintiff abandoned all but her discrimination and retaliation claims. *Id.* at 9. Judge Feldman recommends dismissal of Plaintiff's discrimination claim because Plaintiff failed to satisfy her evidentiary burden under the McDonnell Douglas analytical framework. *Id.* at 16. Judge Feldman also recommends dismissal of Plaintiff's retaliation claim, noting that Plaintiff failed to demonstrate that her complaints to Value City management were the "but-for" cause of her termination. *Id.* at 19.

Plaintiff filed objections to the R&R on March 5, 2021. Dkt. 45. Defendant responded to the objections on March 19, 2021. Dkt. 48. Plaintiff did not reply.

## DISCUSSION

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully reviewed the R&R, the objections and responses, and the relevant record in this case. Based on that *de novo* review, the Court accepts and adopts Judge Feldman's recommendation to grant Defendant's motion for summary judgment and dismiss Plaintiff's complaint.

## CONCLUSION

For the reasons stated above and in the R&R, Defendant's motion for summary judgment (Dkt. 39) is GRANTED, and Ford's complaint (Dkt. 3-1) is DISMISSED. The Clerk of Court shall close this case.

SO ORDERED.

Dated:	August 3, 2021
	Buffalo, New York

	_____
	JOHN L. SINATRA, JR.
	UNITED STATES DISTRICT JUDGE